[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR APPOINTMENT OF RECEIVER OF RENTS
The object of appointing receivers is to secure the property in dispute from waste or loss, not as a mode of granting ultimate relief. 2 Swift, Digest p. 159, Hartford Federal Savings Loan Assn. v. Tucker, 196 Conn. 172, 175 (1985).
The receiver is appointed to protect the asset to which the secured party looks for payment from waste or loss during protracted litigation. Tucker, supra 196 Conn. at 175. Also, see Federal Deposit Insurance Corporation v. Main Street Properties et al, 2 CTLR 175 (September 3, 1990).
The defendant owner of the equity is preserving the physical asset by managing the apartment complex. A dispute exists as to whether he has appropriately insured the property and paid taxes and utilities. The movant also challenges the expenditures of CT Page 4862 rent proceeds.
The court will not allow the rent proceeds to be used for purposes other than the necessary maintenance of the property and its debt service.
The court at this time denies the plaintiff's motion without prejudice.
The defendant Partners Management, must satisfy the court that the rent proceeds are being appropriately applied. Evidence in the form of checks, receipts and a detailed accounting should be provided plaintiff.
If the plaintiff is not satisfied that the rent proceed are being correctly applied, it should renew its motion.
A subsequent hearing on a renewal of the motion will necessitate the defendant providing detailed original records evidencing its management of the property.
The motion for appointment of a receiver of rents is denied without prejudice to plaintiff's right to renew such motion.
McWEENY, J.